GREENE et al. v. UNITED SHOE MACHINERY CO.

(Circuit Court of Appeals, First Circuit. November 3, 1904.)

No. 544.

1. PATENTS—ANTICIPATION—CONSTRUCTION.

A patent cannot be supported against a claim of anticipation by features not referred to, claimed, or even suggested therein, and not a function of the thing patented, except when used in a special combination.

2. SAME—MOLD FOR BOOT AND SHOE HEELS.

The Coburn patent, No. 364,217, for a mold for molding heels for boots and shoes, *held* void for anticipation.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 115 Fed. 155.

Charles F. Perkins and Everett N. Curtis, for appellants.

James E. Maynadier, George A. Rockwell, and Maynadier & Rockwell, for appellee.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

BROWN, District Judge. This suit is for infringement of letters patent No. 364,217, dated June 7, 1887, to Gilman R. Coburn, for a "mold for molding heels for boots and shoes." The claim is:

"The mold B, having the fore part, b, raised, as shown, and for the purpose described."

The specification states that:

"The mold B, with its raised projection b, is cast in a single piece. Its top surface is made so as to properly shape the heel, and its bottom surface is made flat, so that it may sit firmly in the press, and it may be used with any ordinary heel-mold for shaping the edge of the heel."

It is very clear that the thing described and claimed is a male die so formed as to concave the heel and also to bevel its front portion at one operation. The beveling of the front of the heel is effected by the raised lip, which is the feature of importance. The patentee states that the object of his invention is to mold a heel in such manner that when it is put onto the shoe, and the front of it cut down, it will leave the sole smooth and unmarked. It was not new in the art to bevel the front of the heel for this purpose with a hand knife or a machine. When a heel thus beveled is trimmed down, the trimming knife may stop short of the sole, and will not mark the sole. So far as the patent discloses, the only object of beveling the front part of the heel by a die was to substitute for beveling by a hand knife beveling by a die.

The defendant has proved that a male die substantially like that described and claimed in the patent in suit was used for the purpose described in the patent in the shop of C. H. Aborn & Co., in Lynn, continuously from about 1880 to 1897. There can be no question that, if later than Coburn's die, the Aborn die would infringe the Coburn patent.

The complainant does not meet this defense by any precise or definite proposition. It is intimated or implied that the mold of the patent in-

cludes not only the part called "mold B," to wit, a male die with a lip, but also other members of a compressing machine, designed to compress the outer edges of the heel. It is said that the patent in suit is not anticipated by a device which cannot possibly bevel the edge of a heel blank simultaneously with the molding of the heel by compression. Coburn's patented die, however, can no more do this alone than can the Aborn die, and one can do it quite as well as the other, provided it is used in conjunction with other dies for compressing the edges of the heel.

It is also said that the Coburn patent is not anticipated by a device which cannot possibly make a firmer and harder heel at the back by its tendency to crowd and push the inner lip of the heel blank backward toward the rear edge of the heel. The Aborn die, however, would act exactly as the Coburn die in this particular, provided it were used in conjunction with other dies for compressing the edge of the heel. This is a feature not referred to or described in the patent, and is certainly not a function which will result, unless the Coburn die is used in conjunction with compressing molds, and would equally result from the use of the Aborn die with compressing molds.

The argument seems to be that Coburn intended to use his die in conjunction with molds which compressed the edge of the heel, while the Aborn die was used merely in a pressing machine. Aside from the fact that the claim of the Coburn patent, when read in conjunction with the specification, would cover mold B when used for the purposes of concaving and beveling the heel either in a compressing machine or in a pressing machine, it seems clear that, if the prior art discloses the use of the Aborn die for the purpose of concaving and beveling the heel in a pressing machine, it would not constitute invention to use such a die for exactly the same purpose in conjunction with molds for compressing the edge of the heel.

But whether this be so or not, there is nothing in the Coburn patent upon which can be based an argument that the compression of the rear of the heel was an object of the inventor, or that he intended to limit his invention to this feature alone. Assuming that the Coburn patent shows an intention to use the Aborn die in a compressing machine, it shows only an intention to use it for exactly the same purpose as it was used for in the Aborn pressing machine.

If the beveling lip serves also to compress the back of the heel, this is something not essential to the use of the patented invention, and is not described, disclosed, or claimed. Even where a patent incidentally makes express reference to features other than the essential features, it has been held that the patent cannot be supported by such features alone, if the inventor does not rely upon them in describing the substance of his invention. Waterman v. Lockwood, 125 Fed. 290, 6 C. C. A. 204. Still less can a patent be supported by features not referred to, claimed, or even suggested in the patent, and not a function of the thing patented except when used in a special combination not claimed.

The Aborn die is a complete anticipation of all that is claimed in the Coburn patent, and, so far as appears in the specification, of all that was conceived by Coburn as an advantage to be derived from using a die of that character in any machine.

The decree of the Circuit Court is reversed, the case is remanded to that court with a direction to enter a decree dismissing the bill, and the appellants recover costs in this court.